# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 1:25-MJ-00062 |
| ELIAZER ESEQUIEL SINCLAIR VILLALTA | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of January 28, 2025 in the county of Hamilton in the Southern District of Ohio, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Reentry of Removed Alien |

This criminal complaint is based on these facts:

See Affidavit

☒ Continued on the attached sheet.

*Jason Greer*
Complainant's signature

Jason Greer, Special Agent, HSI
*Printed name and title*

Subscribed and sworn to before me by reliable electronic means, specifically, FaceTime video conference, in accordance with Fed. R. Crim. P. 4.1.

Date: **Jan 29, 2025**

*Stephanie K. Bowman*
*Judge's signature*

City and state: Cincinnati, Ohio    Stephanie K. Bowman, United States Magistrate Judge
*Printed name and title*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## CINCINNATI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | |
| **ELIAZER ESEQUIEL SINCLAIR VILLALTA** | Criminal No.  1:25-MJ-00062 |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jason Greer, being duly sworn, do hereby depose and say:

1. I am a Special Agent ("SA") with Homeland Security Investigations ("HSI"), Department of Homeland Security, Cincinnati – Assistant Special Agent in Charge Office.  I was previously employed as a Special Agent with the Drug Enforcement Administration ("DEA").  I attended the sixteen-week DEA training academy and worked in a DEA District Office in which I was trained and supervised in many aspects of investigations of illegal narcotic trafficking.  I participated in drug investigations that included: acting in an undercover capacity; surveillance; informant, defendant, and witness interviews; and authoring Title III affidavits.  I have been employed as a Special Agent with the HSI since September 2010.  I attended the sixteen-week Criminal Investigator Training Program ("CITP") and the eight-week Immigration Customs Enforcement Special Agent Training ("ICESAT") at the Federal Law Enforcement Training Center in Glynco, GA.  During ICESAT training, I was trained in organized crime, fraud, money laundering, drug trafficking, customs violations and immigration violations.  I have conducted numerous investigations that involved illegal immigrants.

2. This affidavit is made in support of a criminal complaint and arrest warrant for Eliazer Esequiel SINCLAIR – Villalta (hereinafter referred to as "SINCLAIR - Villalta"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from official documents, other law enforcement agents and witnesses. This affidavit is intended to show that there is probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of, or investigation into this matter.

1. Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for admitted immigrant aliens or aliens found to be illegally present in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained. The A-file corresponds with an "A-number," a unique number assigned to foreign nationals as they undergo proceedings through the United States immigration system. SINCLAIR – Villalta's A-file is maintained under A-number XXX-XXX-838.

2. On October 9, 2005, SINCLAIR – Villalta, illegally entered the United States by wading across the Rio Grande River near the Point of Entry in Laredo, Texas. SINCLAIR – Villalta was not admitted, inspected, or paroled by an Immigration Officer. As a result, SINCLAIR – Villalta was processed by members of the US Border Patrol for an expedited removal. SINCLAIR – Villalta was removed to his country of citizenship, Honduras, from the Harlingen, Texas, port of entry on October 25, 2005.

3.  On July 5, 2012, SINCLAIR – Villalta, was arrested by the Goldsboro Police Department in Wayne County, North Carolina. SINCLAIR – Villalta was arrested for ID Theft and Possession of Manufactured Identification. The charges against SINCLAIR – Villalta were dismissed. However, the previous order of deportation against SINCLAIR – Villalta was reinstated. SINCLAIR – Villalta was removed to his country of citizenship, Honduras, from the Atlanta, Georgia, port of entry on August 29, 2012.

4.  On January 28, 2025, Cincinnati ICE-Enforcement Removal Operations traveled to a residence in Cincinnati, Ohio, in support of a targeted enforcement operation. ICE Officers observed an individual matching a target's description leave this residence and get into a vehicle. A traffic stop was initiated on the vehicle. After several attempts to identify the driver, the individual was ultimately identified as SINCLAIR – Villalta, and he was placed under arrest and transported to the ICE-Homeland Security Investigations Office in Blue Ash, Ohio. A biometric search in ICE databases positively matched SINCLAIR – Villalta, a citizen of Honduras, as having a prior order of removal.

5.  Also, on January 28, 2025, I DHS Databases and indices that correlated based on documents that originated from SINCLAIR - Villalta's A-File. These documents contained the following:

    - Photographs of the alien subject to whom A-number XXX-XXX-838 corresponds to.

    - A Designated Official's Order of Removal. On October 13, 2005, a Designated Official ordered an expedited removal which ordered SINCLAIR – Villalta removed from the United States to Honduras.

6. I also reviewed ICE Indices that track lawful entries into the United States. Those indices indicated that SINCLAIR – Villalta had not lawfully entered the United States, nor had he applied for nor obtained permission from the Attorney General of the United States or her designated successor or the Secretary of Homeland Security, to re-enter the United States legally since SINCLAIR – Villalta had last been deported. Further, I conducted checks in a database known as the Computer Linked Application Information Management System ("CLAIMS"). This database tracks all applications made by foreign nations for admission into the United States, as well as applications for adjustment of status by those who have already been admitted into the United States. This check yielded negative results for any application of admission by. SINCLAIR – Villalta

7. Based on the foregoing facts, there is probable cause to believe that SINCLAIR – Villalta has violated Title 8, United States Code, Section 1326(a): Illegal Alien Found in the United States Following Deportation.

_____
Jason L. Greer
Special Agent – HSI

Subscribed and sworn to before me by reliable electronic means, specifically, FaceTime video conference, in accordance with Fed. R. Crim. P. 4.1, on January __29__, 2025.

_____
HON. STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE